UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARMEEN AKHTAR,

                    Plaintiff,

v.

SAUDIA d/b/a SAUDIA ARABIAN AIRLINES, CORP.,

                    Defendant.

Case No: 1:19-cv-03763-LTS-DCF

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following Stipulated Protective Order ("Order") limiting the disclosure and use of certain discovered information.

**IT IS HEREBY ORDERED THAT:**

1. This Order shall govern the handling of documents, depositions, deposition exhibits, and other materials produced during discovery, regardless of when or how such materials are produced.

2. For the purposes of this Order, the following definitions apply:

   a. "Document(s)" means documents, electronically stored information, items, and things set forth in Federal Rule of Civil Procedure 34(a)(1), Local Rules of the Southern District of New York 26.3(c)(l) and (c)(2), and writings, recordings, and photographs as defined in Federal Rule of Evidence 1001.

   b. "Parties" collectively means Plaintiff Armeen Akhtar ("Plaintiff") and Defendant Saudia d/b/a Saudi Arabian Airlines Corp. ("Saudia" and hereinafter referred to as "Defendant"). Each is individually a "Party."

   c. "Non-Parties" collectively means any persons, partnerships, corporations, associations, or other legal entities not named as a Party to this Action. Each is individually a "Non-Party."

   d. "Producing Party" means a Party or Non-Party to this Action who produces Documents or Confidential Information in accordance with this Order (collectively, the "Producing Parties"). This Order is binding upon the Producing Parties in this Action, including their respective corporate parents, subsidiaries, affiliates, successors, and assigns, and their respective

    attorneys, agents, representatives, officers, employees, and others as set forth in this Order.

  e.  "Designating Party" means a Party or Non-Party to this Action who seeks to designate any documents or information as Confidential Information in accordance with this Order.

  f.  "Confidential Information" means all information, Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced in connection with this Action, which has not been made public and which concerns or relates to proprietary or sensitive information used by or pertaining to a Party or Non-Party, which is not generally known, including, without limitation,: internal business records; agreements and contracts and their terms; current and future business, product, or strategic plans; financial information; medical information; marketing Documents; private personal identifying information; trade secrets; and/or any Documents or information that include and/or, if released publicly would risk disclosure of, the confidential, proprietary, or trade secret information of a Party or Non-Party.

3. Any Party or Non-Party may designate any Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, or testimony "Confidential Information" in accordance with this Order upon a good faith determination that the materials contain or reflect Confidential Information as defined in Paragraph 2(f). Any copies or reproductions, excerpts, summaries, or other Documents or media that paraphrase, excerpt, or contain Confidential Information shall be treated as Confidential Information pursuant to this Order.

4. Documents designated as Confidential Information shall be marked "CONFIDENTIAL" by the Producing Party on each page or, if the Designating Party is not the Producing Party, by notifying the Parties, in writing, that such documents have been designated as Confidential Information.

5. Confidential Information shall not be publicized, disclosed, or otherwise distributed for any reason other than for the prosecution, defense, or settlement of this Action or as otherwise set out in this Order. Documents or information designated as Confidential Information shall be maintained in strict confidence and shall be disclosed only to the following:

  a.  the Court, including any appellate court, its support personnel, and court reporters;

  b.  the Parties to this Action and their managerial employees or representatives assigned to this Action;

     c.     counsel retained in connection with this Action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this Action;

     d.     outside vendors or service providers (such as translators, copy-service providers and document-management consultants) that counsel hire and assign to this Action;

     e.     any mediator or arbitrator the Parties engage in this Action or that this Court appoints, provided such person first executes a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u>;

     f.     as to any Document: its author, addressee, and any other person indicated on the face of the document as having received a copy;

     g.     any witness who is not a management employee or representative assigned to this case who counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action, provided such person first executes a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u>;

     h.     any person a Party retains to serve as a consultant or expert to provide specialized advice to counsel in connection with this Action, provided such person first executes a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u>; and

     i.     stenographers, videographers, and related staff engaged to transcribe depositions the Parties conduct in this Action.

6.     Confidential Information shall at all times be stored in a manner such that it is not accessible by any person or entity other than the Parties, their counsel, and those with authorized access as set forth herein. All signatories to this Order shall take all steps necessary to ensure such protection, including but not limited to: (a) refraining from leaving the document in view of other persons, including non-essential staff, employees, assistants, or consultants, or in a place where it may be viewed electronically or by any means of surveillance; and (b) refraining from leaving the document unattended in an unlocked office, dwelling, place or vehicle.

7.     Upon written request from any other Party, the Party or Non-Party designating material as Confidential Information shall identify with reasonable particularity the basis of the designation. Any Party may object to any other Party's designation of a document as Confidential Information at any time. Such objection must be made in writing and served on the Party claiming confidentiality. A disputed item shall remain designated as Confidential Information until the designation has been removed by voluntary agreement or by Order of the Court. A Party shall not be obligated to challenge the propriety of a confidentiality designation at the time the designation is made, and a failure to challenge or object to the designation at the time the designation is made shall not preclude a subsequent challenge thereto.

8. The failure to designate material as Confidential Information at the time of production may be remedied by providing written notice to the other Party as soon as is practicable. If such notice is provided, all documents, material, or testimony so designated shall be treated as if it/they had been initially designated as Confidential Information. Notwithstanding such notice, if prior to receipt of the notice such material has been disclosed or used in a manner inconsistent with the provisions of this Order, it shall be deemed a limited disclosure which shall not be considered a violation of this Order. Upon receipt of such notice, the designated material shall thereafter be considered subject to this Order.

9. Deposition testimony may be designated as Confidential Information by either of the following means:

   a. Stating orally on the record at the deposition that certain information or testimony is Confidential Information or that the entire deposition transcript is so designated; or

   b. Sending written notice within fourteen (14) days of receipt of the deposition transcript designating testimony as Confidential Information. Written notice must specify the portions of the deposition testimony containing Confidential Information. All depositions shall be treated as Confidential Information from the taking of the deposition to fourteen (14) days after receipt of the deposition transcript, or until receipt of the notice referred to in this Paragraph, whichever occurs earlier.

10. The production of any material subject to this Order does not in any way waive or otherwise prejudice the right of any party to make objections to the relevance or admissibility of the information produced or to oppose discovery on any other ground.

11. This Order shall not prevent any Party's use of its own Documents and information for any purpose, nor shall such use have any effect on this Order. Similarly, this Order shall not prevent any Party's use of information or documents obtained lawfully from any source, other than by means of discovery in connection with this Action (*e.g.*, information and Documents that may have come into that Party's possession in the regular course of business), for any purpose.

12. The inadvertent or unintentional disclosure by a Producing Party of Confidential Information shall not be deemed to be a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the Producing Party shall designate such information as Confidential Information as soon as practicable. The obligation to treat such Confidential Information as provided for in this Order shall run from the date of designation.

13. The inadvertent production or disclosure of any Document, material, or information subject to the attorney-client privilege, attorney work product protections, common interest privilege, or any other applicable privilege against disclosure, shall not be deemed to be a waiver, in whole or in part, of the Producing Party's claim of such privilege. Upon the written request of the Producing Party that made the inadvertent production, all copies of the inadvertently produced

Document, material, or information, and all information derived from or incorporating the inadvertently produced Document, material, or information, shall promptly be returned or destroyed.

14. The Parties shall not use Confidential Information in any open court proceeding without express permission from the Producing Party or an order from the Court allowing such use. The Parties shall meet and confer prior to trial with regards to handling Confidential Information at trial.

15. In the event any Confidential Information is to be used in any filing with the Court, the filing shall be redacted or filed under seal in accordance with the Federal Rules of Civil Procedure and the Court's Individual Rules and Practices in Civil Cases.

16. In the event this Order is violated, any signatory to this Order may apply to the Court to obtain relief against the person(s) violating this Order. The Parties agree that the Court shall retain jurisdiction to enforce this Order and to adjudicate any violations of this Order.

17. Within thirty (30) days after termination of this Action, including any and all appeals taken therefrom, or within thirty (30) days after the time for taking such appeals has expired without an appeal having been taken, the Parties shall, upon the written request from the Producing Party, return all Confidential Information in their possession to the Producing Party or confirm to the Producing Party that all such Confidential Information has been destroyed, including all copies. Notwithstanding this, counsel for the Parties may maintain a complete copy of all documents for record keeping purposes.

18. This Order may be executed by the Parties in counterparts. Scanned or facsimile signatures will be considered as valid signatures as of the date hereof, although counsel will retain the original signature pages in case they must be filed with the Court at some time in the future.

19. Any Party issuing a subpoena to a Non-Party shall provide the Non-Party with a copy of this Order.

**Counsel for the Parties:**

| | |
|---|---|
| **GODDARD LAW PLLC** | **NORTON ROSE FULBRIGHT US LLP** |
| By: */s/Siobhan Klassen (by permission)* | By: */s/ Jamila S. Mensah* |
| Megan Goddard | Jamila S. Mensah *(admitted pro hac vice)* |
| megan@goddardlawnyc.com | 1301 McKinney, Suite 5100 |
| Siobhan Klassen | Houston, Texas 77010 |
| siobhan@goddardlawnyc.com | Telephone: (713) 651-5151 |
| 39 Broadway, Suite 1540 | jamila.mensah@nortonrosefulbright.com |
| New York, New York 10006 | |
| (646) 964-1178 | Steve Dollar |
| | Devlin Healey |
| | 1301 Avenue of the Americas |
| | New York, New York 10019 |
| *Attorney for Plaintiff Armeen Akhtar* | Telephone: (212) 318-3046 |
| | steve.dollar@nortonrosefulbright.com |
| | devlin.healey@nortonrosefulbright.com |
| | *Attorney for Defendant Saudia d/b/a Saudi Arabian Airlines, Corp.* |

**SO ORDERED.**

_____
**VALERIE FIGUEREDO**
**United States Magistrate Judge**

**Dated: March 5, 2024**
**New York, New York**

6

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARMEEN AKHTAR,<br><br>                    Plaintiff,<br><br>v.<br><br>SAUDIA d/b/a SAUDIA ARABIAN AIRLINES, CORP.,<br><br>                    Defendant. | Case No: 1:19-cv-03763-LTS-DCF<br><br>**NONDISCLOSURE AGREEMENT** |

The undersigned has read the attached Stipulated Protective Order ("Order"), understands the terms of the Order, and agrees to be bound and fully abide by the terms of the Order. In particular:

(a) The undersigned will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use, except as authorized by the Order and for the sole purpose of this Action, any information designated as Confidential Information and received in connection with this Action.

(b) The undersigned acknowledges that all Confidential Information received and all Documents and things containing information designated as Confidential Information are to remain in the undersigned's personal custody until the undersigned's duties have been completed. Following such duties, the undersigned agrees to return or to destroy all such information and all notes containing any such information in accordance with the Order.

(c) The undersigned submits to the jurisdiction and venue of the Court and understands that the Court may impose sanctions for any violation of the Order.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____          _____
                                                                  Signature

                                                                  _____
                                                                  Printed Name and Address